**JELLISON LAW OFFICES, PLLC**
36889 North Tom Darlington Drive
Suite B7, Box 2800, #304
Carefree, AZ 85377
Telephone: (480) 659-4244
Facsimile: (480) 659-4255
E-mail: jim@jellisonlaw.com
JAMES M. JELLISON, ESQ. #012763
Attorney for Defendants Brian McIntyre, Cochise County, Cochise County Board of Supervisors, Sara Ransom, Lori Zucco, Mark Dannels, Ken Bradshaw, Ariel Monge, Todd Borquez, Carol Capas, Pat Call, Ann English, and Peggy Judd (collectively, the "Cochise County Defendants")

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| David W. Morgan,<br><br>        Plaintiff<br>vs.<br><br>Brian McIntyre, et.al.,<br><br>        Defendants. | Case No.: 4:19-cv-00571-DCB<br><br>**COCHISE COUNTY DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS** |

In his Response, Plaintiff uses this lawsuit as a platform to rail on years of perceived grievances and alleged systemic corruption in Cochise County. (Doc. 38). In his 29-pages, however, Plaintiff makes scant reference to the allegations in the First Amended Complaint, and offers no authority supporting his claims, or the clearly established law required to deprive individual Defendants of their entitlement to qualified immunity. (Doc. 38).[1] Indeed, at several places in his Response, instead of arguing he has sufficiently stated plausible claims, Plaintiff makes the bald assertion that the "discovery process . . . will enable [him] to prove his

---

[1] Plaintiff far exceeds the page limitations in LRCiv. 7.2(e)(1) for each version of his Response, appearing at Doc. 38, 39, 40, 41, 42, and 43. The Cochise County Defendants are mindful that Plaintiff is proceeding *pro per* and, on this occasion, do not object to the Court considering the Response in full.

allegations of constitutional violations . . . ." (Doc. 39, pg. 17, lls. 6-12; pg. 21, lls. 6-11; pg. 24, lls. 22-26; pg. 25, lls. 15-19; pg. 28, lls. 1-5).  That is not how it works.  Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions," *Ashcroft v. Iqbal,* 556 U.S. 662, 678–79 (2009), and if a court determines that an official is entitled to qualified immunity on any § 1983 claims for damages that are part of the action, the court should dismiss those claims prior to discovery.  *See Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985); *see also Anderson v. Creighton*, 483 U.S. 635, 646 n.6 (1987).

Because Plaintiff has failed to demonstrate plausible claims for relief that withstand a motion to dismiss, or to provide a legal basis for his claims, the Cochise County Defendants must be dismissed from this action.  This Reply is supported by the following Memorandum of Points & Authorities.

## **MEMORANDUM OF POINTS & AUTHORITIES**

There are a few simple things that the Cochise County Defendants will lead off with.  First, the part of Plaintiff's Response at pages 2 – 12 are either a soliloquy on alleged corruption that is untethered to the allegations in the First Amended Complaint, or arguments directed at State Defendants Suarez-Dunlap and Hunley, who play no part in the Cochise County Defendants' Motion to Dismiss.[2]  These parts of the Response are wholly irrelevant and may be disregarded out-of-hand.  Second, Plaintiff admits he "did not make any Notice of Claim on any of the parties pursuant to A.R.S. 12-821.01," and does not offer any authority or argument on how he may pursue any state law claim in the absence of a notice of claim. (Doc. 39, pg. 28, lls. 8-9).  With

---

[2] Since filing his Response, Plaintiff has filed numerous "exhibits" on a rolling basis, with the last filed on Saturday, July 11, 2020.  The exhibits are extraneous and should ordinarily be stricken, and not considered.  However, if considered, they reveal why Plaintiff is unable to marshal facts supporting plausible claims, or to overcome the individuals' entitlement to immunity.  The exhibit at Doc. 39-1, in particular, is related only to the operation of the Clerk of the Court.

this acknowledgement, Plaintiff cannot pursue his state law claims for intentional infliction of emotional and financial distress and failure to train or supervise.   Finally, this Court should disregard Plaintiff's narrative of alleged facts unless they are connected to citation to the allegations in Plaintiff's Amended Complaint, or an attached exhibit of one of the parties.  With that said, for the following additional reasons, Plaintiff's Response is insufficient, and the Cochise County Defendants must be dismissed.

> **I.   PLAINTIFF'S RESPONSE FAILS TO CITE TO ALLEGED FACTS OR LAW THAT WOULD DEPRIVE MCINTYRE, RANSOM, AND ZUCCO FROM THEIR ENTITLEMENT TO ABSOLUTE IMMUNITY.**

Plaintiff's response to Defendants McIntyre, Ransom, and Zucco's assertion of absolute immunity is to recite an alleged history of disagreement between himself and County Attorney McIntyre without reference to allegations in his Amended Complaint, or any of his many exhibits.  (Doc. 38, pgs. 13-17).  Plaintiff cites no legal authority to support an argument that immunity does not apply.  (*Id.*).   Nothing in Plaintiff's Response changes the allegations: that McIntyre, Ransom, and Zucco are identified as prosecutors who allegedly caused a civil action to be filed against Plaintiff, that was initiated in an effort to prevent or stop an alleged unlawful grand jury disclosure pursuant to A.R.S. § 13-2812, unlawful release of grand juror records pursuant to A.R.S. §§ 21-312, and release of otherwise protected law enforcement records depicting certain witnesses or crime victims pursuant to A.R.S. § 39-121.04 and Arizona's Victim's Rights Statutes, A.R.S. § 13-4401, *et. seq,* all related to a pending murder prosecution. ((Doc. 11, ¶¶ 6, 7, 8, and 27(b)). Doc. 32-2, Unpublished Decision in *Office of the Cochise County Attorney v. Morgan*, No. 2 CA-CV 2018-0093).

In addition to his allegations, Plaintiff's exhibits clearly reveal that the goal of the civil case for injunctive relief was to protect the integrity of the grand jury system by stopping the unlawful disclosure of grand jury proceedings and grand juror identities, and protecting the rights of victims in a pending criminal matter. (Docs. 38-1, 40-1, 41-1, 42-1, 43-1, and 43-2).  Indeed, as the hearings in the underlying civil matter began, the presiding judge expressed his concern

about ensuring the hearing process did not result in further dissemination of grand juror identities. (Doc. 38-1, pg. 6 of 81, lls. 12-18).  During the hearings, Plaintiff acknowledged he had obtained grand jury information, grand juror identities, and evidence presented to the grand jury (including graphic victim photographs) and posted access to that information to the public.  (Doc. 38-1, pg. 9 of 81, lls. 16-24; pg. 10 of 81, lls. 12-17; pg. 17 of 81, lls. 2-14; pg. 18 of 81, ll. 4 – pg. 19 of 81, ll. 22; pg. 23 of 81, ll. 7 – pg. 25 of 81, ll. 23; pg. 28 of 81, lls. 3 – 16; pg. 32 of 81, ll. 17 – pg. 33-81, ll. 15; pg. 36 of 81, ll. 3 – pg. 38 of 81, ll. 12; pg. 41 of 81, lls. 2 – 6; pg. 42 of 81, ll. 15 – pg. 44 of 81, ll. 24).  Plaintiff obtained this information from the criminal defendant's attorney under the pretext that Plaintiff would personally deliver the documents to the criminal defendant, and that the defendant's attorney should think of Plaintiff "as a friend of the [defendant], not as a reporter," or words to that effect.  (Doc. 40-1, pg. 20 of 59, lls. 15-25; pg. 22 of 59, ll. 14 – pg. 23 of 59, ll. 10; pg. 25 of 59, ll. 19 – pg. 27 of 59, ll. 24).  Ultimately, the criminal defendant's attorney withdrew from the criminal case at the suggestion of the State Bar.  (Doc. 40-1, pg. 35 of 59, lls. 3 – 17).  The criminal defense attorney also felt that Plaintiff's dissemination of grand jury information and evidence did not help the criminal defendant's case.  (Doc. 40-1, pg. 33 of 59, ll. 25 – pg. 34 of 59, ll. 5; pg. 36 of 59, ll. 20 – pg. 37 of 59, ll. 7).  During the hearings, County Attorney McIntyre testified he was concerned with Plaintiff's illegal disclosure of grand jury information and considered it his duty as a public prosecutor to bring the civil action in order to enjoin further publication.  (Doc. 41-1, pg. 22 of 60, ll. 5 – pg. 23 of 60, ll. 3; pg. 25 of 60, lls. 11 – 15; pg. 26 of 60, ll. 21 – pg. 27 of 60, ll. 9; pg. 35 of 60, ll. 23 – pg. 42 of 60, ll. 8; pg. 56 of 60, ll. 19 – pg. 60 of 60, ll. 23; Doc. 42-1, pg. 29 of 60, ll. 18 – pg. 30 of 60, ll. 25).  Deputy County Attorney Ransom's arguments during the hearings were all about stopping the illegal disclosure of protected grand jury information and upholding victims' rights in the pending criminal matter.  (Doc. 42 -1, pg. 51 of 60, ll. 13 – pg. 60 of 60, ll. 25; Doc. 43-1, pg. 1 of 26, ll. 1 – pg. 18 of 26, ll. 21).  The presiding judge over the hearings recognized that the County Attorney's Office filing

of the civil action was consonant with its responsibilities to protect grand jury proceedings and victim's rights in criminal cases. (Doc. 43-2, pg. 21 of 23, lls. 13 – 21).

Plaintiff does not dispute that public prosecutors who initiate civil proceedings that bear a connection to criminal actions, or are functionally analogous to criminal proceedings, enjoy the same absolute immunity applicable to purely criminal proceedings. *See, Butz v. Economou,* 438 U.S. 478, 515-16 (1978); *Torres v. Goddard*, 793 F.3d 1046, 1052 (9th Cir. 2015); *Red Zone 12 LLC v. City of Columbus,* 758 Fed.Appx. 508 (6th Cir. 2019); *Mendenhall v. Goldsmith,* 59 F.3d 685, 691 (7th Cir. 1995). He certainly offers no authority to the contrary. Plaintiff's own exhibits establish, conclusively, that McIntyre, Ransom, and Zucco's interest in a civil claim for injunctive relief was the protection of grand jury proceedings, grand juror identifies, and the preservation of victims' rights in a pending criminal, murder prosecution. The civil action bore a direct relationship with a pending criminal case, and protecting the integrity of the criminal judicial system is part and parcel of the public prosecutor's duty. McIntyre, Ransom, and Zucco are each entitled to absolute immunity. That is all that is required. And, this immunity applies, regardless of the motive of the prosecutor. *Broam v. Bogan,* 320 F.3d 1023, 1029 (9th Cir. 2003).

Of course, a plaintiff in a First Amendment retaliation lawsuit must both plead, and prove, an absence of probable cause as to the underlying action. *Hartman v. Moore*, 547 U.S. 250, 265–66 (2006). Plaintiff Morgan has not pled the absence of probable cause. Moreover, his responsive exhibits clearly show the prosecutors had cause to conclude Plaintiff broke the law. A.R.S. § 13-2812(A) makes it crime to knowingly disclose to another "the nature or substance of any grand jury testimony or any decision, result or other matter attending a grand jury proceeding, except in the proper discharge of official duties, at the discretion of the prosecutor to inform a victim of the status of the case or when permitted by the court in furtherance of justice." A.R.S. § 21-312(A) provides that "[t]he list of juror names or other juror information shall not be released unless specifically required by law or ordered by the

court." A.R.S. § 39-121.04 gives crime victims the right to be present and heard in conjunction with the release of crime victim depictions. In Plaintiff's testimony at the hearing in the underlying civil claim seeking injunctive relief, he admits to disclosing transcripts and evidence of a grand jury proceeding, juror identities, and victim images. *See,* Doc. 38-1, pg. 23 of 81, ll. 7 – pg. 25 of 81, lls. 23; pg. 28 of 81, lls. 3 – 16; pg. 32 of 81, ll. 17 – pg. 33 of 81, ll. 15; pg. 36 of 81, ll. 3 – pg. 38 of 81, ll. 12; pg. 41 of 81, lls. 2-6. It doesn't matter that the trial court did not order preliminary injunction relief. Indeed, the decision in *Hartman* was from an acquittal on the criminal charges at issue. What matters is that there was a legal basis for the prosecutors to proceed with the civil claim for preliminary injunctive relief – and Plaintiff's own documents show that basis.

If absolute immunity is not applied to Defendants McIntyre, Ransom, and Zucco, Plaintiff has failed to provide facts plausibly stating a constitutional violation, or clearly established law violated by any of them.[3] Each is entitled to qualified immunity, and Plaintiff has not met his burden to show otherwise.

**II. PLAINTIFF'S RESPONSE FAILS TO CITE TO ALLEGED FACTS OR LAW THAT WOULD DEPRIVE DANNELS, BRADSHAW, CAPAS, MONGE, BORQUEZ, ENGLISH, CALL, AND JUDD FROM THEIR ENTITLEMENT TO QUALIFIED IMMUNITY.**

Neither Plaintiff's Amended Complaint, nor his Response exhibits cite to any underlying facts supporting a plausible claim against Dannels, Bradshaw, Capas, Monge, Borquez, English, Call, or Judd. *See,* Docs. 11; 38-1, 39-1, 39-2, 39-3, 40-1, 41-1, 42-1, 43-1, 43-2. Mere conclusions stated in the Amended Complaint, or an argumentative recitation of facts that are neither supported by allegations in the Amended Complaint, nor in the Plaintiff's exhibits, are

---

[3] Plaintiff correctly points out that investigatory activities that precede a charging decision are entitled to qualified, not absolute, immunity. *Buckley v. Fitzsimmons,* 509 U.S. 259, 273 (1993). Plaintiff does not allege, however, unconstitutional conduct by any individual Defendant occurring as part of a pre-charging investigation.

insufficient to state a plausible claim. *Ashcroft v. Iqbal,* 556 U.S. 662, 674 (2009). Even if Plaintiff had met his burden to cite non-conclusory facts stating a plausible claim, he has failed entirely to meet his burden to show contextually specific, clearly established law violated as to each, or any, individual Defendant. *Shafer v. Cty. of Santa Barbara,* 868 F.3d 1110, 1118 (9th Cir. 2017); *Romero v. Kitsap County*, 931 F.2d 624, 627 (9th Cir. 1991).

Other than the public prosecutor Defendants, Plaintiff has failed to show *any* well-pled, non-conclusory fact describing specific *conduct* of Defendants Dannels, Bradshaw, Capas, Bradshaw, English, Call, or Judd. Even as to Lt. Monge, the allegations forwarded do not plausibly plead a constitutional violation. In his Response, Plaintiff produces a September 19, 2017 letter from Lt. Monge that states, in part:

> "On September 18, 2017, you attempted to enter a secured area of the Cochise County Jail to visit with an inmate without authorization. This act was in violation of the jail's visitation policy and inmate access to media policy.
>
> Because of your attempt to divert the jail's visitation process; your video visitation account has now been suspended. You are no longer authorized to visit neither by video or in person at any of the Cochise County Jail facilities."

(Doc. 39-2). Neither Plaintiff's Amended Complaint, nor his Response exhibits, allege any fact denying that Plaintiff had, in fact, attempted to enter the jail in violation of policy. He does not allege that jail staff denied him jail access without factual basis or justification. In his Response, Plaintiff does not dispute the established law that news media has no constitutional right to county jail access beyond what is afforded the general public. *Pell v. Procunier*, 417 U.S. 817, 834 (1974); *see also Houchins v. KQED, Inc.*, 438 U.S. 1, 15 (1978); *Saxbe v. Washington Post Co.,* 417 U.S. 843 (1974). Nowhere does Plaintiff allege that the alleged restricted access imposed on him was any different than a member of the public under the same or similar circumstances. Most importantly, Plaintiff does not provide any clearly established law showing that Lt. Monge's letter violates any constitutional principle.

Without citing to alleged facts supporting a plausible claim of unconstitutional behavior on the part of each, individual Defendant, as well as a violation of clearly established law based on plausibly pled conduct, all individual Defendants are entitled to qualified immunity.

### III. PLAINTIFF HAS FAILED TO IDENTIFY FACTS SUPPORTING A PLAUSIBLE CLAIM UNDER *MONELL.*

Plaintiff's allegations focus on two main events: alleged restrictions imposed on him for video or in-person access to jail inmates, and prosecutors' pursuit of a civil action for preliminary relief to stop Plaintiff's further dissemination of grand jury and victim information protected by statute. As argued in the Cochise County Defendants' Motion to Dismiss, Plaintiff does not plausibly allege a constitutional violation based on either of these events. Even if he did, neither his Amended Complaint, nor his Response, reveal well-pled, non-conclusory allegations stating a plausible claim that the events were committed by Cochise County or the body politic – Cochise County Board of Supervisors -  pursuant to any municipal policy, custom, or usage, or as a result of a plausibly alleged final policy-maker decision. No *Monell* claim has been plausibly alleged here, and Plaintiff's Response does nothing to change that conclusion.

Plaintiff argues that his claims against Cochise County and the Cochise County Board of Supervisors are based on their "vicarious [liability] for the acts of the Sheriff and Sheriff's Office employees, the Clerk of the Superior Court and Clerk's Office employees, the County Attorney and employees of the County Attorney's Office." (Doc. 42, pg. 26, lls. 12-18).  He baldly asserts that "[a]ll are county 'employees' and a county is thus the responsible public entity for those officers." (*Id.*).  Plaintiff is wrong – as a matter of law – for a few reasons. First, a plaintiff may not sue the governmental entity on an alternative theory of *respondeat superior,* as it is not a theory of liability cognizable under 42 U.S.C. §1983. *Iqbal,* 556 U.S. at 676; *Polk County v. Dodson,* 454 U.S. 312, 325 (1981).   Plaintiff's assertions of vicarious liability as a basis for municipal liability under 42 U.S.C. § 1983 are just wrong.  Second, as to the County Attorney and County Clerk personnel, they act on behalf of the State, not the

County. *See, e.g., Torres v. Goddard*, 793 F.3d 1046 (9th Cir. 2015). This is important because *Monell* liability does not exist in a vacuum. Whatever the policy, practice, or custom may be, there can be no constitutional liability unless a constitutional wrong has been committed by an employee of the municipality. *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986). Finally, Cochise County and its Board of Supervisor simply do not set policy, practice or custom for the Cochise County Sheriff or the Cochise County Attorney regarding jail operations or pursuit of a civil claim for preliminary injunction. *See,* A.R.S. § 11–251.

### IV. PLAINTIFF'S RESPONSE DOES NOT POINT TO ANY FACTS OR ARGUMENT SHOWING THAT A PLAUSIBLE CONSPIRACY CLAIM HAS BEEN PLED.

Plaintiff's Response argues that the actions he alleged would be impossible to accomplish without "active knowing participation of others." (Doc. 42, pg. 27, lls. 21-24). Even that statement, if supported by well-pled facts, is insufficient to state a claim. To prove a conspiracy under § 1983, an agreement or "meeting of the minds" to violate constitutional rights must be shown. *Fonda v. Gray*, 707 F.2d 435, 438 (9th Cir. 1983). Conclusory or speculative allegations are insufficient. *See, Olsen v. Idaho State Bd. of Medicine*, 363 F.3d 916, 929–30 (9th Cir. 2004); *Karim–Panahi v. Los Angeles Police Dep't.,* 839 F.2d 621, 626 (9th Cir. 1988). That is the case here; all allegations are conclusory, speculative, and without citation to facts, and Plaintiff does not show, or argue, otherwise.

### V. CONCLUSION.

Plaintiff's allegations as to all Cochise County Defendants, under all theories, do not provide the well-pled, non-conclusory allegations, necessary to state plausible claims. Even then, the public prosecutors named are entitled to absolute immunity, all individual Defendants are entitled to qualified immunity, and no claim for municipal liability has been plausibly pled.

For all of these reasons, Plaintiff's Complaint must be dismissed in its entirety as to the Cochise County Defendants.

DATED this 13th day of July, 2020.

JELLISON LAW OFFICES, PLLC

By: s/ James M. Jellison
*Attorneys for the Cochise County Defendants*

CERTIFICATE OF FILING AND SERVICE

I hereby certify that on July 13, 2020, I electronically transmitted the attached document to the Clerk's office using the CM/ECF system for filing and transmittal of a Notice of Electronic filing to the following registrants or by U.S. and electronic mail if not a registrant:

David M. Morgan, Publisher
The Cochise County Record
10 Quality Hill
PO Box 1218
Bisbee, Arizoina 85603
Editor.SVDR@gmail.com
*Plaintiff*

s/Judy Phillips