MARK BRNOVICH
ATTORNEY GENERAL

CHRISTOPHER P. WHITE (032224)
Assistant Attorney General
416 W. Congress, 2nd Floor
Tucson, Arizona  85701-1315
(520) 638-2800 • Fax (520) 628-6050
christopher.white@azag.gov

Attorneys for State Defendants

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| David M. Morgan,<br><br>              Plaintiff,<br><br>v.<br><br>Cochise County Board of Supervisors, et al.,<br><br>              Defendants. | No. CV19-00571-TUC-DCB<br><br>**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS** |

"It is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." *Frenzel v. AliphCom*, 76 F. Supp. 3d 999, 1009 (N.D. Cal. 2014) (*quoting Car Carriers, Inc. v. Ford Motor Co*., 745 F.2d 1101, 1107 (7th Cir.1984)).  But Plaintiff Morgan devotes nearly a dozen pages of his Response to a rambling litany of "more facts about Plaintiff's claims" (*see* doc. 49)[1]—*none* of which appear in his First Amended Complaint, (doc. 11).  And, despite the fact that "review is limited to the complaint" when deciding a motion to dismiss, *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir.2001), Morgan piles up some three-dozen pages of "exhibits" to his Response.  Defendants move to strike them and will focus their arguments on Morgan's extant First Amended Complaint instead.

In his Response, Morgan fails to contend with any of the arguments raised by State

---

[1] Doc. 48 appears duplicative of Doc. 49.

Defendants in their Motion. He does not, for example, contest that all of the allegations he actually made in his First Amended Complaint are too vague and conclusory to be afforded the presumption of truth. Rather, he improperly purports to adduce "more facts about Plaintiff's claims." (Doc. 49 at 5–15.) But since none of those "facts" are allegations, they cannot save his complaint from Rule 12(b)(6). *See Berenter v. City of Glendale*, CV1603576, 2017 WL 2730763, at *3 (D. Ariz. June 26, 2017).

Similarly, Morgan does not deny that State Defendant Hunley is not even mentioned in four of the five Counts of his First Amended Complaint. When the allegations of a complaint don't implicate a defendant, they also necessarily fail to state a claim upon which relief can be granted against her. *Berenter*, 2017 WL 2730763, at *4 (dismissing a complaint that was "vague as to which of the Defendants fall under each claim").

And Morgan did not contest State Defendants' arguments that they are absolutely immune from damages in their official capacities and qualifiedly immune in their individual capacities. The tremendously vague nature of Morgan's allegations make the qualified immunity inquiry impossible here, because such an inquiry requires looking at "the specific context of the case," rather than broad propositions. *Mullenix v. Luna*, 136 S. Ct. 305, 308 (2015). And since it is Morgan's burden to prove what the clearly established law was, *Romero v. Kitsap County*, 931 F.2d 624, 627 (9th Cir. 1991), he cannot overcome the immunity even here at the pleading stage.

Given Morgan's absolute failure to address State Defendants' arguments, the Court could summarily grant the Motion to Dismiss under Local Rule 7.2. Morgan seems resigned to a dismissal of his First Amended Complaint in any event. He specifically asks for leave to file a Second Amended Complaint if his First is dismissed, and he even captioned his Response as a dual Response and Motion for Leave to Amend.[2]

---

[2] State Defendants take no position on Morgan's request for leave to amend.

1  In fact, Morgan's overriding goal doesn't seem to be to resist the Motion to
2  Dismiss at all, but rather to smear the Office of the Clerk of Court and at least its last three
3  occupants.  But gripes about ineffectual bureaucrats are best left to political campaigns—
4  tellingly, Morgan's Response and attendant documents look much more like campaign
5  solicitation letters than legal briefs.  And, while Morgan is free to run for Clerk of Court
6  in Cochise County, using all the bluster and puffery at his disposal, he is not able to
7  transmute his political grievances into cognizable legal claims merely by amplifying his
8  criticism in the absence of meaningful allegations.

9  In sum, Morgan's allegations against State Defendants Suarez-Dunlap and Hunley
10 remain as anemic as ever.  They are conclusory and vague.  They are not entitled to the
11 presumption of truth and Morgan has therefore failed to state a claim upon which relief
12 can be granted.  State Defendants therefore respectfully ask the Court to dismiss Morgan's
13 First Amended Complaint.

15  RESPECTFULLY SUBMITTED this  27th  day of August, 2020..

**MARK BRNOVICH**
**ATTORNEY GENERAL**

/s/ Christopher White
CHRISTOPHER P. WHITE
Assistant Attorney General
Attorneys for State Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on <u>27th</u> day of August, 2020, I caused the foregoing document to be electronically transmitted to the Clerk's Office using the CM/ECF System for Filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

David M. Morgan
P.O. Box 1218
Bisbee, AZ 85603
Editor.SVDR@gmail.com
*Pro Per Plaintiff*

James M. Jellison, Esq.
Jellison Law Offices, PLLC
36889 N Tom Darlington Drive
Suite B7, Box 2800, #304
Carefree, AZ 85377
jim@jellisonlaw.com
*Attorney for Cochise County Defendants*

s/ slf
8907646